```
1  Douglas S. Gilliland, Esq. (SBN 157427)
   Leonard H. Burgess, Esq. (SBN 165835)
2  GILLILAND & BURGESS
   402 W. Broadway, Suite 1760
3  San Diego, California 92101
   TEL: (619) 231-4300  FAX: (619) 231-1599
4
   Corey P. Hanrahan, Esq. (SBN 256835)
5  THE HANRAHAN FIRM
   402 W. Broadway, Suite 1760
6  San Diego, California 92101
   TEL: (619) 377-6522  FAX: (619) 377-6662
7
8  Attorneys for Plaintiffs JAVIER BECERRA,
   BENJAMIN SANDOVAL and PAUL LOPEZ
9
```

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

OCT 16 2014

R. Alessandro

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF RIVERSIDE

RIC 1409821

| | |
|---|---|
| JAVIER BECERRA, an individual, BENJAMIN SANDOVAL, an individual, and PAUL LOPEZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>USA WASTE OF CALIFORNIA, INC., D/B/A WASTE MANAGEMENT OF THE INLAND EMPIRE, MORENO VALLEY DIVISION, an unknown business entity, and DOES 1 through 25, Inclusive,<br><br>Defendants. | CASE NO.<br><br>**PLAINTIFFS' COMPLAINT FOR:**<br><br>1. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY [Cal. Lab. Code § 923];<br>2. NEGLIGENT SUPERVISION;<br>3. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.<br><br>[JURY TRIAL DEMANDED] |

COMES NOW THE PLAINTIFFS, alleging against Defendants as follows:

### GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. Plaintiff, JAVIER BECERRA, (hereinafter "Becerra" or collectively "Plaintiffs") is a natural person who is, and at all relevant times was, a resident of the United States and a domiciliary of the State of California.

2. Plaintiff, BENJAMIN SANDOVAL, (hereinafter "Sandoval" or collectively "Plaintiffs") is a natural person who is, and at all relevant times was, a resident of the United States and a

PLAINTIFFS' COMPLAINT
i

1. domiciliary of the State of California.

2. 3. Plaintiff, PAUL LOPEZ, (hereinafter "Lopez" or collectively "Plaintiffs") is a natural person who is, and at all relevant times was, a resident of the United States and a domiciliary of the State of California.

3. 4. Plaintiffs are informed and believe and thereon allege that Defendant, USA WASTE OF CALIFORNIA, INC., D/B/A WASTE MANAGEMENT OF THE INLAND EMPIRE, MORENO VALLEY DIVISION (hereinafter "WASTE MANAGEMENT" or "Defendant"), is an unknown business entity doing business in the State of California, County of Riverside. Plaintiffs are informed and believe and thereon allege that Defendant does business at 17700 Indian Avenue, Moreno Valley, California 92551.

4. 5. Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 25 and therefore sue these defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities when they are ascertained.

5. 6. Plaintiffs are informed and believe and thereon allege that each fictitiously named Defendant is responsible in some manner for the occurrences herein alleged, and Plaintiffs' injuries and damages as herein alleged are directly, proximately and/or legally caused by Defendant.

6. 7. Plaintiffs are informed and believe and thereon allege that the aforementioned DOES are somehow responsible for the acts alleged herein as the agents, employers, representatives or employees of other named Defendant, and in doing the acts herein alleged were acting within the scope of their agency, employment or representative capacity of said named Defendant.

7. 8. The tortious acts and omissions alleged herein were performed by management level employees of Defendant. Defendant allowed and/or condoned a continuing pattern of discriminatory practices.

### SPECIFIC FACTUAL ALLEGATIONS

9. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the

2

EXHIBIT A                                                      -22-

1 | preceding paragraphs as though fully set forth herein.
2 | 10. Plaintiff Becerra began his employment with Defendant on or about January 6, 1976.
3 | 11. Plaintiff Sandoval began his employment with Defendant on or about October 24, 2005.
4 | 12. Plaintiff Lopez began his employment with Defendant in or around September of 2002.
5 | 13. In or around November 2011, Teamsters Local 396 ("Teamsters") organized Defendant's yard near Perris, California ("Perris Yard"). Defendant and Teamsters had twelve months to negotiate a contract to form a union at the Perris Yard.
6 | 14. In the period between November 2011 and November 2012, all three Plaintiffs assisted the Teamsters and engaged in concerted activities for the purpose of collective bargaining, in an effort to assist the Teamsters in organizing the Perris Yard. Plaintiffs were familiar with the organizing process and were vocal to other of Defendant's employees with regard to their right to unionize, and the unionizing process. Plaintiffs held meetings after work and on the weekends to draw support for the union at Defendant's workplace. Plaintiff Lopez had successfully negotiated a union contract with his previous employer. Plaintiffs assisted the Teamsters by collecting signed cards and delivering them to the Teamsters.
7 | 15. Plaintiffs were vocal supporters of the Teamsters organizing the Perris Yard.
8 | 16. Defendant's delayed the process, and ultimately no contract was in place by the November 2012. Thereafter, Defendant terminated all three Plaintiffs in or around December of 2012. Defendant terminated Plaintiff Lopez on or about December 7, 2012. Defendant terminated Plaintiff Sandoval on or about December 10, 2012. Defendant terminated Plaintiff Becerra on or about December 26, 2012.

### FIRST CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### [Cal. Lab. Code § 923]
### All Plaintiffs v. Defendant

17. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.
18. Plaintiffs performed work for Defendant, as employees of Defendant.

19. Defendant wrongfully terminated Plaintiffs.

20. Plaintiffs believe and thereon allege that Defendant's motivating reason for terminating their employment was their engaging in concerted activities for the purpose of collective bargaining pursuant to California Labor Code section 923.

21. Defendant's conduct in terminating Plaintiffs on that basis violates the public policy of the State of California embodied in California Labor Code section 923, and on that basis is unlawful pursuant to City of Moorpark v. Sup. Ct. (1998) 18 Cal.4th 1143.

22. As a proximate result of Defendant's unlawful actions against Plaintiffs, as stated herein, Plaintiffs have been harmed in that they have suffered the loss of the wages, salary, benefits, raises, retirement, and additional amounts of money which they would have garnered if they had been retained in their positions. Plaintiffs have been damaged in an amount according to proof at trial.

23. As a further proximate result of Defendant's unlawful actions against Plaintiffs, as stated herein, Plaintiff have been harmed in that they have suffered the intangible loss of employment-related opportunities and experience in the position which they would have garnered. Plaintiffs have been damaged in an amount according to proof at trial.

24. As a further proximate result of Defendant's unlawful actions against Plaintiffs, as stated herein, Plaintiffs have been harmed in that they have suffered emotional and physical distress. Plaintiffs have been damaged in an amount according to proof at trial.

## SECOND CAUSE OF ACTION
## NEGLIGENT SUPERVISION
**All Plaintiffs v. Defendant**

25. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

26. Defendant's supervisory employees took action against Plaintiffs in violation of California Labor Code section 923.

27. Defendant knew or should have known that this conduct was unlawful and in violation of California Labor Code section 923.

28. Defendant failed to take steps necessary to prevent the unlawful conduct described herein.

29. As a proximate result of Defendant's unlawful actions against Plaintiffs, as stated herein, Plaintiffs have been harmed in that they have suffered the loss of the wages, salary, benefits, raises, retirement, and additional amounts of money which they would have garnered if they had been retained in their positions. Plaintiffs have been damaged in an amount according to proof at trial.

30. As a further proximate result of Defendant's unlawful actions against Plaintiffs, as stated herein, Plaintiff have been harmed in that they have suffered the intangible loss of employment-related opportunities and experience in the position which they would have garnered. Plaintiffs have been damaged in an amount according to proof at trial.

31. As a further proximate result of Defendant's unlawful actions against Plaintiffs, as stated herein, Plaintiffs have been harmed in that they have suffered emotional and physical distress. Plaintiffs have been damaged in an amount according to proof at trial.

## THIRD CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

#### All Plaintiffs v. Defendant

32. Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

33. Defendant's intentional conduct, as set forth herein, was extreme and outrageous.

34. Defendant intended to cause Plaintiffs to suffer extreme emotional distress.

35. As a further proximate result of Defendant's unlawful actions against Plaintiffs, as stated herein, Plaintiffs have been harmed in that they have suffered emotional and physical distress. Plaintiffs have been damaged in an amount according to proof at trial.

///
///
///
///
///

WHEREFORE, Plaintiff prays for the following relief:

1. For compensatory damages, including loss of wages, promotional opportunities, benefits and other opportunities of employment, according to proof;
2. For special damages in an amount according to proof;
3. For mental and emotional distress damages;
4. For back pay, front pay and other monetary relief;
5. For punitive damages in an amount necessary to make an example of and to punish defendants, and to deter future similar misconduct;
6. For costs of suit, including attorney's fees as permitted by law;
7. For an award if interest, including prejudgment interest, at the legal rate as permitted by law;
8. Injunctive relief;
9. For such other and further relief as the Court deems proper and just under all the circumstances.

**PLAINTIFFS JAVIER BECERRA, BEN SANDOVAL and PAUL LOPEZ** demand a jury trial on all issues in this case.

Dated: October 14, 2014

THE HANRAHAN FIRM

*/s/ Corey P. Hanrahan*

COREY P. HANRAHAN, Esq.
Attorneys for Plaintiffs JAVIER BECERRA, BENJAMIN SANDOVAL and PAUL LOPEZ